## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NEDRA POE, individually, and on behalf of minor T.P., and CHAQUITA STUBBS, on behalf of minor D.M., | ) ) ) | |
| | ) | Case No. |
| Plaintiffs, | ) | |
| | ) | COMPLAINT FOR VIOLATION OF |
| v. | ) | CIVIL RIGHTS AND SUPPLEMENTAL |
| | ) | STATE LAW CLAIMS |
| LAWRENCE KERR, #4871, | ) | |
| MARK MAYER, #14619 | ) | |
| UNKNOWN AND UNNAMED | ) | JURY DEMANDED |
| POLICE OFFICERS, | ) | |
| and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

### JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3.      At all times herein mentioned, Plaintiffs, NEDRA POE, minor T.P., and minor D.M., were and are citizens of the United States, and were within the jurisdiction of this court.

4.      At all times herein mentioned, Defendants Chicago police officers LAWRENCE KERR ("KERR") and MARK MAYER ("MAYER") were employed by the City of Chicago Police Department, and were acting under color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5.      At all times herein mentioned, an unknown number of UNKNOWN AND UNNAMED OFFICERS were employed by the City of Chicago Police Department and were acting under color of state law and as the employees, agents, or representatives of the City of Chicago Police Department.  These Defendants are being sued in their individual capacities.  Upon discovery of their identities, Plaintiff will amend the complaint to add them as defendants.

6.      At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

7.      On or about April 9, 2009, Plaintiffs were lawfully in the home of NEDRA POE, located at 8931 South Justine, in the City of Chicago, Cook County, State of Illinois.

8.      On that day and at that place Defendants forced their way into Plaintiffs' home.

9.      Defendants did not knock and announce their presence before they entered.

10.     Defendants did not give Plaintiffs any time to open the door.

11.     On that day and at that place, Defendants pointed guns at Plaintiffs, including two minor children, without cause to do so, thereby threatening them with bodily harm and causing them to fear imminent peril.

12.     On or about August 3, 2009, Plaintiffs were lawfully in the home of NEDRA POE, located at 8931 South Justine, in the City of Chicago, Cook County, State of Illinois.

13.     On that day and at that place Defendants forced their way into Plaintiffs' home.

14.     Defendants did not knock and announce their presence before they entered.

15.     Defendants did not give Plaintiffs any time to open the door.

2

16.     On that day and at that place, Defendants pointed guns at Plaintiffs, including two minor children, without cause to do so, thereby threatening them with bodily harm and causing them to fear imminent peril.

17.     On or about June 4, 2010, Plaintiffs were lawfully in the home of NEDRA POE, located at 8931 South Justine, in the City of Chicago, Cook County, State of Illinois.

18.     On that day and at that place Defendants forced their way into Plaintiffs' home.

19.     Defendants did not knock and announce their presence before they entered.

20.     Defendants did not give Plaintiffs any time to open the door.

21.     On that day and at that place, Defendants pointed guns at Plaintiffs, including two minor children, without cause to do so, thereby threatening them with bodily harm and causing them to fear imminent peril.

22.     By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries, including but not limited to humiliation and indignities; and they suffered great mental and emotional pain and suffering, all to their damage in an amount to be ascertained.

23.     The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages against the individual defendants in an amount to be ascertained according to proof at the time of trial.

24.     By reason of the above-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights.  By reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
**Plaintiffs Against Individual Defendants for UNREASONABLE SEARCH**

25.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

26.     By reason of the conduct by Defendants, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

27.     The arbitrary intrusion by Defendants, into the security and privacy of Plaintiffs' home was in violation of Plaintiffs' constitutional rights and not authorized by law.  The Defendants violated the Plaintiffs' rights in the following manner: they forced entry into Plaintiffs' home without knocking and announcing, they gave Plaintiffs no time to answer the door, and they caused unnecessary property damage to Plaintiffs' home. The foregoing were unnecessary, unreasonable and excessive, and were therefore in violation of Plaintiffs' rights.  Therefore, the Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II
**Plaintiffs Against Individual Defendants for Excessive Force**

28.     Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

29.     By reason of the conduct by Defendants, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

30.     Defendants' pointing of their guns at Plaintiffs, was unnecessary and unreasonable and was therefore in violation of Plaintiffs' Fourth Amendment Rights. Specifically, all of the force

4

described above was without legal cause and constituted excessive force. Therefore, Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiffs Against Individual Defendants and the City of Chicago
### for the State Supplemental Claim of ASSAULT

31.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-three (23) hereat as though fully alleged at this place.

32.     Defendants, intentionally and without legal justification, intentionally placed Plaintiffs in fear of imminent bodily harm by pointing guns at them.

33.     There was no legal cause to point guns at Plaintiffs.

34.     As a result of the foregoing, Plaintiffs sustained humiliation and indignities, and they suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained. Therefore, Defendants are liable to Plaintiffs under the supplemental state law claim of assault.

35.     The CITY OF CHICAGO is liable to Plaintiffs for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*. Therefore, all Defendants are liable under the supplemental state law claim of assault.

## COUNT IV
### All Plaintiffs Against the City of Chicago For
### INDEMNIFICATION

35.     Plaintiffs hereby incorporates and reallege paragraphs one (1) through thirty-five (35) heretofore as though fully set forth at this place.

36.     Pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and

costs) for which an employee police officer, acting within the scope of his/her employment, is found liable.

37.     The acts and/or omissions of Defendants and each of them were committed within the scope of their employment.

38.     In the event that a judgment for compensatory damages is entered against Defendants and/or any of them, the City of Chicago must pay the judgment as well as the associated attorneys' fees and costs.

WHEREFORE, Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1.     That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2.     That the Defendants be required to pay Plaintiffs' special damages;

3.     That the Defendants be required to pay Plaintiffs' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.     That the individual officer Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5.     That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6.     That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY:     s/ Julie M. Owen
        Julie M. Owen
        ED FOX & ASSOCIATES
        Attorneys for Plaintiffs
        300 West Adams
        Suite 330
        Chicago, Illinois 60606
        (312) 345-8877
        jowen@efox-law.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY:    s/ Julie M. Owen
          Julie M. Owen
          ED FOX & ASSOCIATES
          Attorneys for Plaintiffs
          300 West Adams
          Suite 330
          Chicago, Illinois 60606
          (312) 345-8877
          jowen@efox-law.com